LIMERICK NATIONAL BANK *vs*. BENJAMIN M. JENNESS.

LIMERICK NATIONAL BANK *vs*. HARRY HEATON.

LIMERICK NATIONAL BANK *vs*. FIRTH MARSHALL.

York.        Opinion February 3, 1917.

*Actions on promissory notes.  Amending declaration by adding count on a guaranty*
*when suit was originally brought against defendant as maker.  General*
*rule as to allowing amendments to writs where the amend-*
*ment makes or offers a new cause of action.*

1.  An amendment to a declaration which sets up a cause of action growing out
    of a transaction other than that upon which the original declaration was based,
    or depending upon a contract separate and distinct from the one originally
    declared on is not allowable.

2.  In case of a declaration charging the defendant as maker of a promissory note
    which he had not signed as maker, an amendment charging him as guarantor
    of the note upon a guaranty written on the back of the note, and signed by him
    is not allowable.

3.  A promissory note and a guaranty of its payment written on its back are
    separate and independent contracts.

Action on the case to recover the amount due on a certain promissory note payable to plaintiff bank.  The defendants were sued as makers of the note.  The plaintiff filed motion to amend the writ by adding an additional count, in which the plaintiff sought to amend his writ by adding a count against the several defendants as guarantors.  This amendment was allowed, to which defendant filed exceptions.  Defendant filed a plea of general issue and also brief statement, setting out, with other matters, that he had signed the note declared upon as an accommodation surety, or guarantor, and not as a co-maker.  At the close of the testimony, case was reported to the Law Court for determination upon so much of the evidence as is legally admissible.  Secondly, whether or not the amendment to the declaration offered by the plaintiff in each case is legally admissible.  Thirdly, that all exceptions taken and noted at the trial, either to

evidence or to the amendments, shall be considered by the court as fully as though a particular bill of exceptions was filed and allowed. Judgment for defendant.

Case stated in opinion.

*J. Merrill Lord, and Emery & Waterhouse,* for plaintiff.

*Allen & Willard,* for defendants.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, MADIGAN, JJ.

SAVAGE, C. J.    These several suits are brought to enforce payment of a note described as follows:—

"$3000                                    LIMERICK ME. JULY 6, 1909.

On demand, after date I promise to pay to the order of the Limerick National Bank, at the Limerick National Bank, Limerick, Maine, three thousand dollars, Value received, with interest.

Due on demand.

SPRINGVALE SPINNING Co.

By GEO. W. HANSON, Pres.

BENJ. M. JENNESS, Treas."

At the time of making the note, the following guaranty was written on its back, and signed by the several defendants and others:—

"For value received, I guarantee payment of the within note and waive demand and protest on same, when due."

The note was discounted by the plaintiff bank and has never been paid. But for six years the interest was paid by the maker semi-annually in advance. These suits were commenced just before the expiration of six years from the date of the note. In the original declarations the defendants were declared against as makers of the note. When the cases came on for trial, the plaintiff asked leave to amend in each case by adding a new count declaring on the written guaranty on the back of the note. The amendment was allowed, against the objection of the defendants, who noted exceptions. The cases come before this court on report, with the stipulation that "all exceptions taken and noted at the trial shall be considered by the court as fully as though a particular bill of exceptions was filed and allowed."

The defendants claim several defenses on the merits. But we need to consider only their contention that the amendment was not allowable for the reason that it introduced a new cause of action.

While the greatest liberality in the matter of amendments is allowed, in furtherance of justice, it is well settled law, that no new cause of action can be introduced against the objection of the defendant. *Flanders* v. *Cobb*, 88 Maine, 488; *Anderson* v. *Wetter*, 103 Maine, 257. The clause in Rule V, that "no new count nor amendment of a declaration will be allowed, unless it be consistent with the original declaration and for the same cause of action," is only a restatement of the common law rule. And an amendment which sets up a cause of action growing out of a transaction other than that upon which the original declaration was based, or depending upon a contract separate and distinct from the one originally declared on, is not allowable. On the other hand, new counts are not to be regarded as for a new cause of action, when the plaintiff in all the counts attempts to assert rights and enforce claims growing out of the same transaction, act, agreement or contract, however great may be the difference in the form of liability, as contained in the new counts, from that stated in the original counts. *Smith* v. *Palmer*, 6 Cush., 513.

In actions ex contractu, so long as the plaintiff adheres to the original instrument or contract on which the suit is founded, an amendment is not objectionable as introducing a new cause of action, where it merely alters the grounds of recovery on that instrument or contract, or the modes in which the defendant has violated it; or where it merely enlarges and states more fully and accurately the facts with reference to the instrument or contract set forth in the original pleading; or changes the time and manner of performance; or corrects errors in the writ, like misdescriptions. So long as the matter for which the action was truly and substantially brought is not forsaken, but is adhered to and relied on for recovery, the introduction by way of amendment of a different contract in form is not regarded as introducing a new cause of action. But it is uniformly held that an amendment introducing as a ground of action an instrument or contract other than that set forth in the original declaration is objectionable as introducing a new and distinct cause of action. See cases cited, 31 Cyc., 414.

Tested by these rules we think the amendment in this case was not allowable. Here were two contracts, two transactions. The

guaranty was a separate and independent contract, involving duties and imposing responsibilities very different from those created by the contract set forth in the original declaration. The fact that the guaranty was written on the back of the note does not affect their separate nature. 12 Ruling Case Law, 1054.

This court has always been liberal in the allowance of amendments, but no case has gone so far as we are asked to go now. The cases cited by the plaintiff's counsel, and chiefly relied upon, do not sustain their contention. In *McVicker* v. *Beedy*, 31 Maine, 314, suit was brought upon a judgment of the court of another State against a defendant of whose person that court had no jurisdiction. It was held that the judgment was invalid as against the defendant personally, and that an action could not be maintained upon it in this State. The plaintiff was permitted to amend by introducing counts on the original cause of action. The original action was for the recovery of payment for work and labor done. The court said that the action upon the judgment was to recover for the same, though in a different form. That case bears no relation to the one at bar. In *Wilson* v. *Widenham*, 51 Maine, 566, which was an action for breach of covenant in a deed, the plaintiff alleged at first a breach of the covenant of seizin only. He was allowed to amend by introducing a count for the breach of the covenant of warranty. This was merely an enlargement or alteration of the grounds of recovery upon the same instrument, and such an alteration is, as we have said, permissible. *Rand* v. *Webber*, 64 Maine, 191, is cited as illustrative of the extent to which the court has gone in allowing amendments changing the form and nature of actions, in that case, as is claimed, converting an action of assumpsit into one for deceit. But in *Flanders* v. *Cobb*, supra, in an opinion concurred in by the writer of the opinion in *Rand* v. *Webber*, the court said:—"The case of *Rand* v. *Webber*, 64 Maine, 191, was never intended to authorize amendments to the extent of allowing the form or nature of the action to be changed. Upon examination of the facts in that case, it will be found that the amendment there was but the correction of an error in the writ, the correction of an amendment (improperly made) to the original declaration, so as to restore the declaration as originally framed, and prevent a change in the nature of the action from what seemed to be its form as originally drawn and to escape the statute of limitations that might be pleaded to another suit. The original count was more

in the nature of deceit than assumpsit, and the last amendment was but a restoration to its former self,—the spirit taking on form,—in the furtherance of justice." And it was held that a change from assumpsit to deceit is not allowable.

Counsel for plaintiff cites *Tenney* v. *Prince*, 4 Pick., 385, and *Bickford* v. *Gibbs*, 8 Cush., 154. But in each of these cases there was only one contract. In the first the plaintiff declared as on an original promise, when it was in fact collateral. In the second the plaintiff declared on the money counts when he should have declared specially on a contract of guaranty. These mistakes in pleading were properly allowed to be cured by amendment. *Smith* v. *Palmer*, 6 Cush., 513, is a similar case.

In the case before us there were two contracts. The plaintiff declared upon one on which the defendants were never liable. It seeks now to recover upon the other contract. It is clear that the amendment which was allowed and which would permit it so to recover introduced a new cause of action. The amendment, therefore, was allowed erroneously.

Since the defendants are not liable under the original declaration, the certificate in each case will be,

*Judgment for the defendant.*